UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

2012 OCT -9 P 2: 12

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | |
|---|---|
| Eliza Middleton<br>　　　Plaintiff, | Case No. 1:12cv1133 AJT/JFA |
| v. | COMPLAINT |
| Robert Dallas Oskey<br>and<br>Telforward, Inc.<br>　　　Defendants, | JURY TRIAL DEMANDED |

Plaintiff avers:

## COMPLAINT

Plaintiff, Eliza Middleton by and through her attorney, for her Complaint alleges, upon knowledge as to her own acts and upon information and belief as to the acts of others, as follows:

1. This action arises out of Defendants' blatant and willful violation of the Fair Labor Standards Act, 29 U.S.C. § 207 ("FLSA") for which your Plaintiff seeks unpaid wages, liquidated damages, attorneys' fees and costs as provided by the FLSA.

2. Your Plaintiff invokes the supplemental jurisdiction of this Court to recover her unpaid wages under the Virginia Payment of Wage Law, Va. Code § 40.1-29, as well as certain other state claims below.

3. Additionally, your Plaintiff seeks compensatory and punitive damages arising from Defendants' intentional, willful and fraudulent misrepresentation that if she worked for them she would be paid.

4. Moreover, your Plaintiff seeks compensatory damages arising from Defendants intentional, willful and material breaches of the contract between her and Defendants.

## THE PARTIES

5. Plaintiff, Eliza Middleton resides in Arlington, Virginia.

6. Defendant Oskey resides at 7540 Burnside Court, Falls Church, Virginia 22043.

7. Defendant TELforward, Inc. is a corporation duly organized and existing under the laws of the Commonwealth of Virginia, having its principal place of business at 8229 Boone Boulevard, Suite 800, Vienna, Virginia 22182.

8. At all times relevant, Defendant, Oskey was the Chief Executive Officer of TELforward, Inc. Defendant Oskey is also the registered agent for TELforward, Inc.

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction over Plaintiff's FLSA claim pursuant to 28 U.S.C. § 1331, and pursuant to 29 U.S.C. § 216(b).

10. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

11. This Court has personal jurisdiction over Defendant, TELforward, Inc. pursuant to Va. Code § 8.01-328.1(A)(1) (transacting business in Virginia); (A)(3) (causing tortious injury by an act in Virginia); (A)(6) (possessing real property in the Commonwealth) and as a resident of Virginia.

12. This Court has personal jurisdiction over Defendant, Robert Oskey pursuant to Va. Code § 8.01-328.1(A)(1) (transacting business in Virginia); (A)(3) (causing tortious injury by an act in Virginia); (A)(6) (possessing real property in the Commonwealth); and as a resident of the Commonwealth of Virginia.

13. Venue is appropriate in the United States District Court for the Eastern District of Virginia pursuant to 28 U.S.C. §1391(b) as all Defendants are residents of this Judicial District.

## AVERMENTS COMMON TO ALL COUNTS

14. In March of 2012, Defendants hired Ms. Middleton as a customer service supervisor. Her primary responsibility was to assist with customer retention as the company was losing customers at a rapid rate. She was also responsible for direct customer sales.

15. Ms. Middleton was employed by Defendants within the meaning of 29 U.S.C. § 203 of the FSLA.

16. At all times relevant, Defendant Oskey exercised operational control over the company, to include management of its human resources department and its payroll practices.

17. At all times relevant, Defendant Oskey retained the power to hire and fire employees of Defendant TelForward. Indeed, Defendant Oskey hired Ms. Middleton.

18. At all times relevant, Defendant Oskey supervised and controlled employee work schedules or conditions of employment. In fact, Defendant Oskey set Ms. Middleton's working conditions.

19. At all times relevant, Defendant Oskey determined the rate and method of payment, including determining Ms. Middleton's wages and compensation.

20. At all times relevant Defendant Oskey maintained control over the employment records.

21. In exchange for Ms. Middleton's services, and to persuade her to leave her previous job, the Defendants agreed to pay Plaintiff at a rate of six hundred dollars ($600) per week plus commissions.

22. Acting in reliance on Defendant Oskey's promise to pay, Ms. Middleton left her previous job in order to work for Oskey and TELforward, Inc. Without Defendants promise to pay Ms. Middleton, she would have remained at her previous job indefinitely.

23. Throughout the entire time Ms. Middleton was employed by Defendants she fulfilled all of her agreed-to responsibilities.

24. Ms. Middleton was employed and did work for Defendants for a total of 112 hours. She worked two full weeks from March 19th, through March 30th, for a total of 80 hours. Plaintiff also worked four days from April 2nd through April 5th, for a total of 32 hours.

25. Ms. Middleton was not paid the $600/week promised to her when she accepted her position. Instead, she was only compensated $200 for the entirety of her work for the Defendants.

26. As a result, Defendants have failed to compensate Plaintiff for 98.66 hours worked. Thus, Defendants owe Ms. Middleton $1,480 in unpaid wages, plus interest, attorney's fees, costs, and liquidated damages.

27. Because Defendants failed to pay Plaintiff for services rendered over a course of three weeks, Ms. Middleton was forced to leave the employ of Defendant Oskey and TELforward in order to obtain another job so that she could pay her bills and avoid eviction.

28. Defendants' failure to pay Plaintiff caused multiple serious problems for her. Ms. Middleton was nearly evicted for failure to pay rent, she was unable to pay her automobile taxes, resulting in the suspension of her license, and she was forced to take a much lower paying job in order to get by while she sought a permanent position akin to the type of position she occupied prior to Defendants actions.

## COUNT I

### WILLFUL VIOLATION OF FAIR LABOR STANDARDS ACT

29. Plaintiff incorporates herein by reference each and every averment contained in paragraphs 1 through 28, inclusive.

30. Under the FLSA, Plaintiff is required to receive a federal minimum wage of $7.25 per hour worked. Therefore, absent any contract, at a minimum, Defendants owe Ms. Middleton the federal minimum wage for the 98.66 unpaid hours which she worked. As a result, Defendants owe Plaintiff a minimum of $725.29 under the FLSA. 29 U.S.C. § 206.

31. Moreover, Defendants conduct in violation of the FLSA was "willful" within the meaning of 29 U.S.C. § 216 and 626(b).

32. Therefore, Defendants owe liquidated damages equal to the amount of unpaid minimum wages in accordance with 29 U.S.C. § 216. Thus, Defendants owe an additional $725.29 in liquidated damages.

33. Defendants also owe reasonable attorney's fees and costs of the action under 29 U.S.C. § 216(b).

34. Finally, Defendants may be fined up to $10,000 for their willful violation of 29 U.S.C. § 206 in accordance with 29 U.S.C. § 215 (a)(2) and 29 U.S.C. § 216(a).

## COUNT II

### WILLFUL VIOLATION OF VIRGINIA PAYMENT OF WAGE LAW

35. Plaintiff incorporates herein by this reference each and every averment contained in paragraphs 1 through 34, inclusive.

36. Under Virginia Payment of Wage Law, Ms. Middleton was entitled to receive minimum wage compensation in the amount of $7.25 per hour. Va. Code § 40.1-29. Plaintiff is thereby entitled to $725.29 under Virginia Payment of Wage Law. Defendants also owe Plaintiff interest at an annual rate of eight percent accruing from the date the wages were due. Thus, as of August 23, 2012 the Defendants owe Plaintiff interest in the amount of $23.44.

37. Additionally, Defendants may be assessed a $1,000 penalty per violation or face criminal charges for intentionally and willfully violating this law.

## COUNT III

## FRAUDULENT MISREPRESENTATION

38. Plaintiff incorporates herein by this reference each and every averment contained in paragraphs 1 through 37, inclusive.

39. Defendants falsely represented to Ms. Middleton that she would be paid at a rate of $600 per week.

40. At the time Defendant Oskey promised to pay Ms. Middleton he had no intention of paying her, but made this promise with the intent to deceive Ms. Middleton into leaving her current job and coming to work for him.

41. Plaintiff relied upon Defendants misrepresentations and acted upon those false representations in accepting her position with Defendants to her detriment.

42. Ms. Middleton was damaged in that she never received payment for her work and lost wages from her prior employment which would have continued absent Defendant Oskey's fraudulent misrepresentation. Additionally, Ms. Middleton suffered several other serious problems as a direct result of Defendants failure to pay. She was nearly evicted for failure to pay rent; she was unable to pay her automobile taxes, resulting in the suspension of her license; and she was forced to take a much lower paying job in order to get by while seeking a permanent position akin to the type of position she occupied prior to Defendants' fraud.

43. Defendant Oskey's behavior towards Ms. Middleton was willful and wanton. Therefore Plaintiff requests that this court award punitive damages in order to punish Defendant for his reckless behavior, and to warn other employers as a disincentive from engaging in like behavior.

## COUNT IV

## BREACH OF CONTRACT

44. Plaintiff incorporates herein by this reference each and every averment contained in paragraphs 1 through 43, inclusive.

45. Defendants offered Plaintiff a position with a salary of $600 per week.

46. Plaintiff accepted Defendants offer and gave valuable consideration in the form of her labor.

47. Defendants breached the terms of their offer to Plaintiff by failing to pay for the services rendered by Plaintiff. Defendants breach has caused Plaintiff damages of $1,480 in unpaid wages.

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues triable of right by a jury.

WHEREFORE, Plaintiff prays that this Court:

A. Enter a judgment against Defendants granting her the following relief:

    1. $1,480 in unpaid wages;

    2. In the alternative, $725.29 in federal minimum wage;

    3. Liquidated damages of an equal amount under 29 U.S.C. § 216(b);

    4. In the alternative, $748.73 in unpaid minimum wage under Virginia Payment of Wage Law. Va. Code § 40.1-29;

    5. Prejudgment and post judgment interest;

    6. Reasonable attorneys' fees and costs;

    7. Punitive Damages of $350,000 as permitted under Virginia Code.

B. Grant Plaintiff such other action and further relief as this Court may deem just and proper, or that Plaintiff may be entitled to as a matter of law or equity.

Respectfully Submitted,

By: *[signature]*
John P. Burns, Jr. VA '14239
13164 Lazy Glen Lane
Oak Hill, Virginia 20171
703-272-8288 (direct)
703-435-8857 (facsimile)
john.burns@fortkort.com
*Attorney for Plaintiff, Eliza Middleton*